5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia Huggins MOORE, Plaintiff-Appellant,
v.
Henry G. CISNEROS, in his official capacity as Secretary of
the U.S. Department of Housing and Urban
Development,** Defendant-Appellee.
 No. 93-1039.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Patricia Moore appeals a district court order granting summary judgment for the defendant in her wrongful discharge action. Ms. Moore was discharged by the Department of Housing and Urban Development ("HUD") on December 30, 1988. She immediately filed a complaint with the Merit Systems Protection Board ("MSPB"), which set a hearing date for March 1989. The hearing was cancelled, however, because Moore entered into a settlement agreement with HUD. Under the agreement, Moore would receive attorneys' fees, a sum for stress-related injuries, and disability benefits in return for dropping her complaint. The agreement further provided that Moore apply to the Office of Personnel Management ("OPM") to establish her eligibility for disability benefits. The agreement had a protective clause allowing Moore to reopen her complaint with MSPB or to refile a claim in federal district court if OPM denied her disability application. The clause, however, expressly required Moore to seek reconsideration of the denial before pursuing either of these alternatives.
 
 
 3
 OPM denied Moore's application for disability benefits on September 28, 1990. Moore did not request reconsideration of the denial, as required by the settlement agreement, and instead filed a complaint in the district court a year and a half later seeking relief under Title VII. The district court, after thorough review, granted HUD's motion for summary judgment and dismissed the complaint.
 
 
 4
 We conclude that the district court properly granted summary judgment after holding that 1) Moore failed to exhaust the administrative remedies available to her, 2) the district court does not have jurisdiction where, as here, the MSPB has not issued a final judgments on the merits, 3) Moore failed to ask for reconsideration of her disability application as required by the settlement agreement. We therefore AFFIRM for substantially the same reasons set forth in the district court's order dated December 7, 1992. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 **
 Henry G. Cisneros is substituted for Jack Kemp pursuant to Fed.R.App.P. 43(c)(1)